J. TILDEN MOULTON *et ux.*, Plaintiffs in Error, *v.* HARVEY B. HURD, Defendant in Error.

### ERROR TO COOK.

A court has no power to reform the deed of a married woman, for any mistake in its provisions.

THIS was a bill in chancery, filed by the defendant in error against the plaintiffs in error, on the 29th day of March, A. D. 1855, setting forth, that on or about the 27th day of October, A. D. 1853, Charlotte Harden Moulton, being then seized of the premises thereinafter mentioned, and her husband, J. Tilden Moulton, in order to secure to the orator the payment of $4,009.86, being for a portion of the purchase money to be paid for the premises thereinafter mentioned, at that time sold to the said Charlotte Harden Moulton, secured to be paid by four promissory notes of even date with the mortgage thereinafter mentioned, each for the sum of $852.46, and due in one, two, three, and four years from the date hereof, with interest at six per cent., payable annually, which notes were signed by J. Tilden Moulton, made their mortgage, dated October 27th, 1853, to the orator, thereby conveying to him part of the S. E. quarter of section 33, in township 40 north, range 13 east, containing one hundred acres, more or less, with a proviso in said mortgage contained : " That if the said party of the first part should well and truly pay, or cause to be paid, to the orator the aforesaid sum of money, with such interest thereon, at the time and in the manner specified in the notes above mentioned, according to the true intent and meaning thereof, then and in that case, said mortgage should be null and void ;" and with a further proviso therein contained, *that in case " of failure to pay " any one or more of the payments of principal and interest at the time and*

10

*times the same were therein specified to be paid, the whole sum
and interest therein mentioned should become due and payable,*
but averring that the words " *of failure to pay* " were inadver-
tently left out of the covenant and agreement above referred to,
and that the orator and the defendants meant to insert said
words so as to make said agreement read as above set out in
substance.

And further, setting forth the acknowledgment and record of
said mortgage in due form, the non-payment of the first of said
notes, due October 27, 1854, and the interest on the whole sum
of $4,009.86 for one year.

And praying that the defendants might answer upon oath, and
be decreed to pay the whole sum of $4,009.86, with interest,
and in default thereof that a sale might be made; and for
general relief.

Attached to the bill of complaint is a copy of the mortgage
mentioned therein, the only material part of which is the condi-
tion, and that is as follows:

" Provided always, and these presents are upon this express
condition, that if the said party of the first part, their heirs,
executors, or administrators, shall well and truly pay, or cause to
be paid, to the said party of the second part, his heirs, executors,
administrators, or assigns, the aforesaid sum of money, with
such interest thereon, at the time and in the manner specified in
the above mentioned notes, according to the true intent and
meaning thereof, then and in that case, these presents and every-
thing herein expressed shall be absolutely null and void.

" It is further understood, that in case any one or more of the
above payments of principal or interest, at the time or times
the same are above specified to be paid, the whole sum and inter-
est above mentioned shall become due and payable, this mortgage
being given for purchase."

The defendants filed their answer on oath, setting forth that,
on the 27th day of October, A. D. 1853, as guardian of William
Brown, the said Harvey B. Hurd, in pursuance of an order to
that effect made by the Cook County Court of Common Pleas,
in and for the county of Cook and State of Illinois, exposed for
sale the interest of said William Brown in said premises, and
then and there sold the same to Charlotte Harden Moulton for
the sum of $4,362.62, upon the following terms, to wit: one-fifth
cash at the time said purchase was made, and the remainder in
four equal annual installments, with six per cent. interest, to be
secured upon said premises by mortgage.

That the said Charlotte Harden Moulton paid to said Hurd
the sum of $942.78, and executed the mortgage and notes men-
tioned in said bill, with her said husband, which said mortgage

was left as an escrow until the said Hurd should deliver to said Charlotte Harden Moulton a certain deed of one David Coulson, and that although said Hurd did procure said deed, yet that he did not procure or deliver the same as aforesaid until the 30th day of October, 1854, some time after the first payment under said mortgage became due and payable; and setting forth, also, that said Hurd had never made any report of said sale under said order, nor procured any confirmation thereof, and that by reason of such neglect, the equitable title to said premises still remained in said William Brown.

The execution of said notes and mortgage is admitted; but the said defendants say that it was not understood between said Hurd and said defendants that in case of failure to pay any one or more of said payments of principal or interest at the time or times when the same are specified to be paid, that the whole sum and interest should become due and payable; and said defendants further say, that it is not true that they intended to insert the words " of failure to pay " so as to make the clause in said mortgage read as an agreement to that effect, but that said clause was surreptitiously inserted in said mortgage after the same was read by J. Tilden Moulton, one of said defendants.

Replication filed.

On the 22nd October, 1855, the complainant filed his supplemental bill, setting forth that on the 29th of March, 1855, said complainant filed his bill in this court, against said Charlotte Harden Moulton and J. Tilden Moulton, and giving the substance thereof as hereinbefore set forth; and in addition to the matters in said original bill stated, said supplemental bill sets forth, that before any proceedings were had in such cause, to wit, on the 29th day of September, 1855, said Hurd made report of the sale of said premises to said defendant, Charlotte Harden Moulton, which said report was duly confirmed by said Cook County Court of Common Pleas, and prays the relief substantially asked for in said original bill.

On the 28th October, 1855, the defendants filed their demurrer to the supplemental bill, on the ground that no new matter had arisen since the filing of the original bill which was proper matter of supplement and which would entitle the complainant to file such supplemental bill.

The demurrer was overruled, and the supplemental bill taken as confessed, for want of an answer thereto.

On the 12th day of January, A. D. 1856, the following decree was made, setting forth that the cause was set down for trial in the Circuit Court of Cook county, to be tried on the 31st day of December, 1855, " and the same having been tried on that day by the court, upon the bill, answer, replication, and supplemental

bill and testimony, which supplemental bill was taken *pro confesso;* and it appearing to the court that the mortgage and notes mentioned in said complainant's bill were made and executed as set forth in said bill, and that it was understood and agreed between the said parties, that in case of failure to pay any one or more of the payments of principal and interest at the time and times the same were therein specified to be paid, the whole sum and interest therein mentioned should become due and payable ; and it appearing to the court, from the testimony, that the words " *of failure to pay* " were inadvertently left out of the covenant in said mortgage intended to express that understanding and agreement after the words " in case," and before the words " any one or more," etc.

And it appearing that the said mortgage was given to secure the certain promissory notes aforesaid, being four in number, for the sum of $852.46 each, payable in one, two, three, and four years, respectively, with annual interest at six per cent. per annum ; and it appearing that default was made in the payment of the first and second of said notes when the same became due ; and it further appearing that there is due upon said notes and mortgage the sum of $3,409.86 principal, and $451.80 interest, making in all the sum of $3,861.66 ;

It is ordered and decreed, that the said mortgage be and the same is reformed and amended, so that the clause above referred to shall read as follows :

" It is further understood, that in case of ' failure to pay ' any one or more of the above payments of principal or interest, at the time or times the same are above specified to be paid, the whole sum and interest above mentioned shall become due and payable."

It is further ordered and decreed, that said *defendant* pay to the said complainant the said sum of $3,861.66, on or before the first day of February, A. D. 1856, or that said premises, or so much thereof as may be necessary, be sold to satisfy said sum and discharge the same, with costs, etc., and to make title thereto to the purchaser thereof.

And that, if premises be not redeemed according to law, that defendants shall deliver title papers appertaining thereto.

There is no statement in the record that any evidence was offered at the hearing other than what appears in the recitals of the decree.

This decree was entered by MANNIERE, Judge.

The defendants bring the case to this court by writ of error, and assign for error :

1st. That the court below erred in ordering foreclosure and correction of mortgage, as the answer of the defendants denied

all the equities of said bill, whereon such correction was asked, and there was no evidence to overcome the answer.

2nd. That sale of premises by guardian to defendant, Charlotte Harden Moulton, had not been confirmed by Cook County Court of Common Pleas when said foreclosure was ordered.

3rd. That the court erred in overruling the demurrer to the supplemental bill of the complainant.

4th. The court erred in rendering a decree on the original bill without evidence in support thereof.

5th. The court had no power to correct a defect in a deed, as against a married woman.

6th. That the said decree is erroneous for divers other errors apparent upon the face of the record and proceedings.

C. BECKWITH, for Plaintiffs in Error.

H. B. HURD, in person.

WALKER, J. This was a bill in equity, filed in the Cook Circuit Court, by Hurd, to reform and foreclose a mortgage executed by Moulton and wife on real estate of the wife, to secure the payment of four promissory notes executed by Moulton to Hurd, for $852.46 each, with six per cent. interest from date, payable in one, two, three and four years, and dated on the 27th day of October, 1853. The mortgage contained a condition, that if Moulton and wife should well and truly pay, or cause to be paid, to Hurd, said sums of money, with interest, in the manner specified in the notes, then and in that case the mortgage to be void. It also contained a further proviso that "it was understood, that in case any one or more of the above payments of principal or interest at the time or times the same are above specified to be paid, the whole sum and interest above mentioned shall become due and payable, this mortgage being for purchase." The bill alleges that the words, "of failure to pay," should have been, according to the understanding of the parties, inserted in the last named covenant, after the words "in case," and before the words "any one or more," but that, owing to inadvertence and mistake, they were omitted. The bill alleges that the first note had fallen due, and that it, together with the interest on the others, remained unpaid. And prayed that the mortgage be reformed and foreclosed for the amount of all the notes and interest. The defendants, as required by the bill, answered under oath, and denied that any mistake had occurred in executing the mortgage, and that the words, "of failure to pay," were not by mistake and inadvertence omitted to be inserted in the mortgage, as charged in the bill. To this answer

a replication was filed. The complainant subsequently filed a supplemental bill substantially the same as the original bill, but alleging that the second note had fallen due and was unpaid, and the prayer was the same as in the original bill. To the supplemental bill defendants demurred, which the court over-ruled. The supplemental bill was taken as confessed, and the court decreed a foreclosure of the mortgage, for the amount due on the four notes.

This record presents the question whether a court of equity has the power to reform the deed of a married woman.

At the common law, a *feme covert* could not, by uniting with her husband in any deed of conveyance, bar herself or her heirs of any estate of which she was seized in her own right; or of her right of dower in the real estate of her husband. The only mode in which a married woman could, at common law, convey her real estate, or bar her right of dower, was by uniting with her husband in levying a fine. This was a solemn proceeding of record in open court, and the judges were supposed to watch over and protect the wife's rights, and ascertain by a private examination that her participation in the act was voluntary and unconstrained. This is the principle upon which the efficacy of a fine is placed by most of the authorities. 3 Cruise Dig. 153, title 35, chap. 10.

Acting upon the principle that the participation of the wife in the transfer of her real estate must be free and unconstrained, the courts have held that an agreement made by a *feme covert*, with the assent of her husband, to sell her real estate, is abso-lutely void at common law, and that such a contract could not be enforced in equity. And that the whole system of the com-mon law is opposed to the enforcement of the contracts of mar-ried women for the sale of their real estate. And that it is a fundamental principle of the common law, that such contracts are void, except when she conveys her estate by a fine duly acknowledged, or by some matter of record. 5 Conn. R. 492. Our conveyance acts have, however, changed the mode by which a married woman may convey her real estate. It enables her to do so, by joining with her husband in a deed for that purpose. And which, to be effectual, must be acknowledged before one of the officers of the law authorized to take such acknowledgment. To give it validity, he must examine her separate and apart from her husband, after having explained to her the contents and effect of such deed, whether she executes it freely and vol-untarily, without the coercion of her husband. R. S. 1845, 106, sec. 17.

This provision of our statute, it will be observed, is an en-largement, and not a restriction, of the common law powers of

a *feme covert*. It authorizes a less formal mode of conveyance than was known to the common law. It gives to her deed, when duly acknowledged, the same force and effect of a fine ; but if not acknowledged in accordance with the statute, no estate passes. The statute must be complied with, and if it is not, the deed is left, as at common law, absolutely void. *Lane* v. *Soulard*, 15 Ill. R. 123.

In New York and Ohio, where they have statutes similar to ours, their courts have repeatedly refused to enforce the contracts of married women for the conveyance of their real estate, and also to rectify and reform mistakes in deeds made by them for a conveyance of their lands ; upon the ground that their deeds, to be effectual, must be acknowledged freely and voluntarily, and in the mode prescribed by the statute. *Knowles* v. *Mc Cambry et al.*, 10 Paige R. 342 ; *Martin* v. *Develly*, 6 Wend R. 10 ; *Carr* v. *Williams et al.*, 10 Ohio R. 305 ; *Purcell* v. *Garhore et al.*, 17 Ohio R. 105.

By reforming the mortgage it was essentially changed. As it was executed and acknowledged, the complainant could only foreclose for the amount of each note as they severally became due, while, by that instrument as reformed, he could foreclose for the whole amount of the notes, upon default in the payment of either of them. This was to change the deed most materially, and to make it altogether a different instrument from the one executed by the wife of Moulton ; and against her consent, and against the intention and understanding of the parties at the time the mortgage was made, if her sworn answer is to have any weight—and it stands uncontradicted by any evidence. This would be to make a deed for the wife against her consent. This the court has no power to do ; even the legislature could not give it effect, unless she acknowledged it freely and voluntarily in the mode prescribed by the statute. *Lane* v. *Soulard*, 15 Ill. R. 123.

The court below erred in reforming this deed, and in foreclosing the mortgage for more than the first and second notes, the others not being then due. The decree of the court below must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*