WILLIAM WINKELMAN, and NICHOLAS KISER, Plaintiffs in Error, *v.* MATHIAS KISER, for the use of Noah B. Harlow, Defendant in Error.

### ERROR TO MONROE.

A person who holds the beneficial interest in a mortgage should be made the complainant, yet when the use is declared the suit need not be dismissed if the bill should be amended by striking out the name of the nominal complainant; and such an amendment would not produce injury.

A decree should not be pronounced against a party not before the court.

A decree should not be entered against the purchaser of mortgaged premises, whether he be or not a purchaser with notice; the decree should direct a sale of the premises and a distribution of the proceeds. If he held the equity of redemption, the sale might bar it, if he failed to redeem.

THIS was a suit in chancery, brought in the Monroe Circuit Court, at the May term thereof, 1861, by Mathias Kiser, who sued for the use of Noah B. Harlow, against Nicholas Kiser and William Winkelman, to foreclose a mortgage, made by Nicholas Kiser to Mathias Kiser, dated September 7th, 1858, to secure to said Mathias Kiser the payment of a certain promissory note of that date. Said mortgage conveyed certain town lots in the town of Harrisonville in said county. Winkelman claims said lands by a title subsequent to said mortgage. Said bill prays for a foreclosure and sale of the premises in the usual form.

Summons was issued in the usual way, and notice given by publication to said Nicholas Kiser, he being a non-resident of this State. Summons was served upon Winkelman and the following return thereon indorsed, to wit: "This writ executed

by leaving copy with Winkelman, and by reading the same to the above named Winkelman. Kiser not found. March 15, 1861. WM. BOURKE, Dep. Sheriff."

And afterwards, on the second Monday of said term of court, the defendants having failed to appear and answer, the bill was taken as confessed against them, and decree rendered by said court for $173.10 in favor of plaintiffs below, and the land ordered to be sold.

William Winkelman brings this case to this court, and assigns for error: That the court below erred in rendering a decree against defendants without their appearance or their being duly served with process. That the proceedings are irregular and erroneous in this, that the suit should have been brought in the name of the party for whose use it was instituted.

W. H. UNDERWOOD, for Plaintiffs in Error.

OMELVENY & KENNEDY, for Defendant in Error.

WALKER, J. It is urged that this bill was improperly exhibited in the name of Mathias Kiser for the use of Harlow. Whilst it is true that the person holding the beneficial interest should be made the complainant, we are not prepared to hold, that when the use is declared, that the suit should be dismissed, if the bill should be amended by striking out the name of the nominal complainant, and let it proceed in the name of the person having the beneficial interest. To permit an amendment to that extent, at any stage of the proceeding, would produce no injury to any party to the record.

The bill alleges that Nicholas Kiser executed the note and mortgage to Mathias Kiser, and alleges that Harlow claimed to have some interest in the mortgaged premises. Service was only had upon Harlow, but on the bill being taken as confessed, a decree for the payment of the money was rendered against both defendants. There can be no pretense that the decree against the defendant not served or in any way entering his appearance, was authorized. Until he was in court in some appropriate mode it was error to render a decree against him. It was also error to render a decree against Harlow for the payment of the money. If his interest was subsequently acquired with actual or constructive notice, it would be proper to order the premises to be sold, and if his claim was a mortgage or deed of trust, to decree his payment out of any surplus remaining after satisfying complainant's demand. Or if he had become the owner of the equity of

redemption, to order the sale of the property, and if he failed to redeem, the sale would bar his equity of redemption.

The decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*