# BENJAMIN K. HAINES *et al.*

### *v.*

# JENNIE HAINES.

1. MARRIED WOMEN—*what will constitute their separate property.* Where a party purchased land with his own money, and, without fraud, procured it to be conveyed to his wife, it thereby became as much her separate property as if it had been purchased with money owned by her before her marriage.

2. And upon a sale of the premises so vested in the wife, the purchase money received by her will also be regarded as her separate property.

3. Nor will she lose her legal right thereto, or its avails, by placing it in the hands of her husband to use in the building of a house for her.

4. But where, upon the sale of the wife's land, notes for a part of the purchase price were, with her consent, taken by her husband in his own name, and for his benefit, they will be treated as his property, not that of the wife.

5. EQUITABLE INTEREST *in real estate—purchaser.* A married woman furnished to her husband money, which was her separate property, to aid

in the building of a house for her, which was erected on a lot of ground owned by him. Subsequently, the husband sold the premises to a party who had notice of the wife's interest: *Held*, the wife held an equitable interest in the premises, in the proportion which the money she furnished bore to the entire cost thereof.

6. The purchaser from the husband did not incur any personal liability to the wife, on account of the money contributed by her in the erection of the building, but acquired a joint equitable ownership with her.

7. So, upon bill filed by her to enforce her rights in the premises, the proper decree would be to direct a sale of the property and divide the proceeds according to the respective interests of the parties, not to direct the payment to the wife by the purchaser, of the amount furnished by her.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a bill in chancery, filed by Jennie Haines, complainant, praying a divorce from her husband, Benjamin K. Haines, and for relief against Ira J. Bloomfield, whom she made a defendant as a party interested in a certain house and lot in Bloomington, which he had purchased from her husband, in which she also claimed an interest, alleging she had furnished the money, or a part thereof, with which to build the house. It appears that complainant and defendant, Haines, were married in September, 1865, and that in September, 1866, Haines bought a lot in Springfield, and improved it, with his own money, but without fraud procured the deed to be made to his wife. In September, 1867, on account of Haines' ill-treatment, complainant left him and went to live with her mother in Bloomington, and afterward, by agreement between them, the lot in Springfield was sold to one Rogers, for which she received $250 in cash, her husband receiving Rogers' notes for the balance, payable to himself, complainant consenting for him to receive these notes as his own property. In November, 1867, Haines, for the purpose of inducing complainant to live with him again as his wife, assigned to her, through John G. Myers, the Rogers notes. Afterward complainant gave to her husband the $250 she received from the sale of the Springfield property, to be

used in the building of a house for her in Bloomington, and which he used for that purpose.   She also re-assigned to her husband the Rogers notes, which he also applied on the building.   After the house was completed, the husband sold the premises to defendant Bloomfield, who had notice, before he purchased, of complainant's interest therein.   Thereupon complainant brought this suit.   Upon the hearing, the court decreed the marriage void, *ab initio,* and that the defendant Bloomfield pay to complainant the sum of $370, including in that amount the $250 in money furnished by her, and a portion of the Rogers notes.   The defendants appealed.

Messrs. WELDON, TIPTON & BENJAMIN and Mr. IRA J. BLOOMFIELD, for the appellants, claiming the marriage was valid, contend that the money, used in the building, contributed by the complainant, was property derived from her husband during the existence of the marriage ; that the act of 1861, in relation to married women, does not attach, and that Haines having reduced it to possession, might lawfully sell the premises.

Mr. H. A. EWING and Messrs. STEVENSON & EWING, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the McLean circuit court, filed by Jennie Haines, to obtain a divorce from her husband, Benjamin K. Haines.   Ira J. Bloomfield was made a defendant, as a party interested in a certain house and lot in Bloomington, an interest in which complainant also claimed, she alleging she had furnished the money, or a part thereof, with which to build it.

In her supplemental bill, complainant alleges that Bloomfield had commenced an action of ejectment against her to recover the possession of the premises.

The defendants put in their answers, to which replications were filed, and the cause was duly heard.

The court found complainant had paid out on the premises the sum of three hundred and seventy dollars, and decreed a lien on the premises for that amount, and also decreed the marriage void *ab initio*.

The evidence goes to establish the most perfect fair dealing on the part of appellant, Bloomfield, but does not place complainant's conduct in a very favorable light. It is not important the facts should be reviewed, nor do we deem it necessary to inquire and determine whether the relation of husband and wife legally existed between the complainant and Benjamin K. Haines. Admitting such was the fact, her title to the money paid to her on the sale of the lot in Springfield, is unquestioned. That lot had been conveyed to her by the procurement of her husband, without the least semblance of any fraudulent intent, and thereby it became as much her separate property as if it had been purchased with money owned by her before her marriage. Nor did she lose her legal right, or its avails, by placing it in the hands of her husband to build a house for her. She did not give it to him for the purpose of vesting in him the rights and title to the money, but to act as her agent in investing it in a house, and while it was so invested, to that extent she clearly had an interest in the house. Her interest was in the proportion which her money bore to the entire cost of the premises. Beyond that she can have no equitable claim.

Appellant, when he purchased of Haines, had notice of this equity, and took the property subject to it. He only purchased Haines' interest in it. He incurred no personal liability to complainant, but acquired a joint equitable ownership with her. Had the premises been consumed by fire, the complainant must have suffered her share of the loss, in company with appellant, who would have suffered his share.

From this view of the case, it follows that the decree against appellant, Bloomfield, for the amount of money complainant had invested in the premises, was erroneous. It may have been too little, or too much, depending on the actual value of the

property. If it was worth more than it cost the parties, complainant was entitled to her proportion of the enhanced value, and if less, then she must suffer her proportion of the depreciation.

The simple question is, how much did her means contribute to the property, and how much did her husband's contribute thereto? On her part is the sum of two hundred and fifty dollars in money. On the other, the price of the lot, Haines' own labor in building the house, and whatever he expended for additional labor, and materials put in the building.

Assuming, for illustration, that the building cost seven hundred dollars, and the lot three hundred; and that complainant contributed two hundred and fifty dollars, then she had an interest to the extent of one-fourth in the whole property, and her husband had three-fourths, which appellant acquired by his purchase from the husband.

The circuit court should have ascertained the respective interests of the parties in the property on the above basis, and then directed a sale of the premises, and that the proceeds should be divided between complainant and appellant, in proportion to their respective interests.

We will further remark, as the proof now stands, the master found more of the separate funds of complainant went into the building than the proof seems to warrant. We do not think that any part of the proceeds of the Rogers notes should be considered as her separate property, because it was by complainant's consent and agreement, that her husband should possess these notes. They were his property. The true contribution of complainant is, we think, the two hundred and fifty dollars cash, which she received as her share on the sale to Rogers, and which, through her husband's agency, she actually invested in the property.

The decree must be reversed and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*