## PETER BRESSLER *et al.*

*v.*

## FREDERICK H. KENT.

1. MARRIED WOMEN—*conveyance of their interest in real estate.* Instead of proceedings by fine or common recovery under the common law, the interest of a wife in real estate may be conveyed by deed of herself and husband. This can be done only in the precise mode prescribed by the statute. Otherwise such conveyance is void.

2. A mortgage or trust creating an incumbrance upon the lands of the wife, in which the husband does not join, is void, and will not be enforced, even though given to secure payment of a note made by herself and her husband for his debt.

3. SEPARATE ESTATE of the wife comprises only such rights as she may have independently of her husband, as if *feme sole,* such as personal property, and the rents, uses and profits of real estate.

4. The act of February 21, 1861, "to protect married women in their separate property," does not go to the extent of authorizing married women to sell real estate without concurrence of the husband. Such power can not be implied, but must be given in direct terms.

5. The decision in the case of *Young and Wife* v. *Graff,* 28 Ill. p. 20, overruled.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. C. J. JOHNSON, for the plaintiffs in error.

Messrs. WILKINSON, SACKETT & BEAN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Sabrina Bressler, a married woman, executed, without the concurrence of her husband, as a party, her separate deed of trust of certain real estate owned by her, to secure the payment of a promissory note given by herself and husband for a debt of the latter, and the question presented by this record

is, did she thereby charge such real estate with the payment of the debt, and will a court of equity, by a proceeding against the property, subject it to the payment of such charge?

By the common law, the only mode in which a married woman had power to transfer her title or interest in real estate, was by levying a fine or suffering a common recovery.

Our statute of conveyances has provided that, when any husband and wife residing in this State shall wish to convey the real estate of the wife, it shall and may be lawful for the husband and wife to execute any deed, etc., for the conveying of such land, and that such deed (after the solemnities of examination and acknowledgment) shall be as effectual in law as if executed by such woman while sole and unmarried.

It is only in the precise mode prescribed by the statute, that a married woman can make a valid conveyance of her lands. That mode was not pursued in the present case, as the husband did not join in the execution of the deed, and the deed of trust did not create a valid lien upon the land. *Cole* v. *Van Riper*, 44 Ill. 58 ; *Moulton et ux.* v. *Hurd*, 20 Ill. 137.

Such is the rule at law, and the one that must govern in this case, unless the rule in equity shall be held to apply, that the separate estate of a married woman will, in equity, be held liable for all the debts, charges, incumbrances and other engagements which she does expressly, or by implication, charge thereon. 2 Story Eq. Jur. sec. 1399.

There is a distinction in this respect, in equity, between the separate property of a married woman and her other property. As to the former, she is treated as a *feme sole*, having the general power of disposing of it; but as to the latter, all the legal disabilities of a *feme covert* attach upon her. Ibid. sec. 1397.

It is to be considered, then, whether the estate in question was the *separate estate* of the wife, in the sense of that term, as recognized and acted upon by a court of chancery, and subject to be disposed of by herself alone. Separate estates in married women, which courts of equity recognize their right to

dispose of as *femes sole*, are strictly equitable estates. They are always created by deed, devise or marriage settlement, and the character of separate estate is impressed upon them by the terms of the instrument creating them.

It was formerly deemed absolutely necessary that the property should be vested in trustees, and, in strict propriety, that should always be done, though it has been established that the intervention of trustees is not indispensable. 2 Story Eq. sec. 1380.

It is not because the entire interest in an estate is vested in a *feme covert* that renders it of the description of a separate estate in her. A *separate estate* in a *feme covert* only exists in such property, whether it be real or personal, as is settled upon her for her separate use, without any control over it ·on the part of her husband. It is not all the estate, either in lands or chattels, belonging to a *feme covert*, nor is it her right of dower in the real estate of her husband. *Albany Fire Ins. Co.* v. *Bay*, 4 Comst. 9.

The facts in this case disclose no *such* separate estate in Mrs. Bressler.

It is claimed that since the passage of the act of February 21, 1861, entitled "An act to protect married women in their separate property," any real estate which a married woman owns in her own right will, in equity, be regarded as her separate property, and subject to all the incidents of such property, as before recognized in a court of chancery.

That act provides, "that all the property, both real and personal, belonging to any married woman, as her sole and separate property, or which any woman hereafter married owns at the time of her marriage, or which any married woman, during coverture, acquires in good faith from any person other than her husband, by descent, devise, or otherwise, together with all the rents, issues, increase and profits thereof, shall, notwithstanding her marriage, be and remain, during coverture, her sole and separate property, under her sole control, and be held, owned, possessed and enjoyed by her the same as though

she was sole and unmarried, and shall not be subject to the disposal, control or interference of her husband, and shall be exempt from execution or attachment for the debts of her husband."

The estate created by the act is as fully for the separate use of the wife as it could have been made by virtue of the provisions of any instrument in writing.

The rule in equity, that a *feme covert*, acting with respect to her separate property, is competent to act in all respects as if she were sole, must be understood only of personal property, and of the rents and profits of real estate during her life.

The wife's own reversion in lands, when she owned them at the time of the marriage, was a legal estate descendible to her heirs, to which courts of equity did not apply the doctrine stated. In reference to such an estate, she had only the disposing capacity which the common law or some enabling statute allowed to her.

So, if an estate is, during coverture, given to a married woman and her heirs, for her separate use, without more, she can not, in equity, dispose of the fee from her heirs, but she must dispose of it, if at all, in the manner prescribed by law, as in England, by fine or recovery, and here, by the solemn conveyance required by the statute. But if, in such a case, a clause is expressly superadded, that she shall have power to dispose of the estate so given to her during her coverture, then courts of equity will treat such a power as enabling her effectually to dispose of the estate.

Thus the limitation of real estate to the wife in fee to her sole and separate use, did not give her, in equity, the power to dispose of the fee from her heirs; to do so, an express power of disposition must have been given to her by the instrument.

These principles appear to be supported by the following authorities: 2 Story Eq. Jur. secs. 1391–2, 1397; 2 Roper on Husb. & Wife, 182; Clancy on Married Women, 287, and cases cited in notes to these authorities; *Yale* v. *Dederer*, 18

430 BRESSLER *et al. v.* KENT. [Sept. T.,

Opinion of the Court.

N. Y. 265; *Same* v. *Same,* 22 Id. 450; *Newlin* v. *Freeman,* 4 Iredell Eq. Rep. 312.

The act referred to gives no power to dispose of the estate. *Cole* v. *Van Riper,* 44 Ill. 58. It only reserves it to the sole and separate use of the wife. Hence, even under the full application of this doctrine of equity, the wife would have no sole disposing power over the fee of her real estate.

But a married woman's separate estate, under this act, is a strictly legal separate estate, and we see no reason why she should not hold it subject to the ordinary disabilities resulting from her coverture; why the statute should not have full operation upon it, and the mode therein prescribed be the only one whereby a married woman can dispose of her real estate.

What has been said is entirely aside from the question how far a married woman, as a necessary incident to the enjoyment of her separate property, may contract as to matters pertaining to the enjoyment of its use, and is to be taken without any bearing upon such a question.

The case of *Young and Wife* v. *Graff,* 28 Ill. 20, seems to afford a warrant for the decree of the court below.

Upon fuller consideration, we think the doctrine of equity, as to a married woman's disposing power over her separate property, was carried further in that case than the authorities seem to warrant.

We regard the deed of trust in this case as invalid, and that the decree of the court below, for the sale of the premises purporting to be conveyed by it, was erroneous.

The decree must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*