## Thomas Knox *et ux.*

### *v.*

### Peter Brady.

1. Mistake — *reforming deed of married woman.* The deed or other contract of a married woman respecting her separate property since the passage of the act of 1869, in relation to conveyances, may be reformed for mistake, the same as if she were sole, and its execution may be proved, and her contracts respecting her separate property specifically enforced in equity; but as to the lands of her husband her contracts are void, and a mistake in a conveyance of the same cannot be reformed as against her.

2. Married women — *deed of, for husband's land.* A married woman can only relinquish her rights of homestead and dower in her husband's lands by joining with him in the execution of a deed or mortgage. All other contracts in relation thereto are void for want of capacity.

Writ of Error to the Circuit Court of Marshall county; the Hon. Samuel L. Richmond, Judge, presiding.

This was a bill in equity to reform a deed for land executed by husband and wife, for a mistake in the description of the property. The court below granted the relief sought.

Mr. G. O. BARNES, for the plaintiffs in error.

Messrs. BANGS & SHAW, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Prior to the passage of the act of 1869, amendatory of the act of 1845, entitled "conveyances," it had been uniformly held by the decisions of this court, the deed of a married woman could not be reformed, no matter how clearly it might be established, there had been a mistake in the description of the property intended to be conveyed. *Moulton* v. *Hurd,* 20 Ill. 137; *Spurck* v. *Crook,* 19 id. 415; *Martin* v. *Hargardine,* 46 id. 322.

The principle underlying all the decisions on this subject was the want of legal capacity in a married woman to contract in regard to, and her consequent inability to release her interests in lands except by the enabling laws of the state. A mere contract either in relation to her own or her husband's lands could not be enforced against her. Nor was the execution of a deed by signing, sealing and delivering sufficient. To make it valid and effectual to pass her interest in the lands, it was indispensable it should be acknowledged before an officer designated in the statute. Otherwise her deed was inoperative. Accordingly, where the officer certified he had examined her separate and apart from her husband, touching her willingness to relinquish her dower, homestead or other interest in a tract of land, the court could not afterwards take that relinquishment and apply it to another tract, although it was the intention of all parties it should be embraced in the deed, and was omitted by mutual mistake. She was bound by no contract in relation to her own or her husband's lands, unless acknowledged in the manner provided in the statute. *Martin* v. *Hargardine,* 46 Ill. 322.

While the act of 1869, cited, may enumerate more instruments a married woman may execute in relation to her interests in lands by joining with her husband, it only differs materially in the provision in regard to the proof of the execution of such instruments, viz. : "the acknowledgment or proof of such deed, "mortgage, conveyance, power of attorney, or other writing may be the same as if she were sole." Under this latter act we can readily conceive the execution of any deed or mortgage or other writing in relation to the sale or other disposition of lands, about which a married woman may legally contract, is valid by signing, sealing and delivering without being acknowledged before any particular officer. The proof "may be the same as if she were sole." Proof of her signature would be sufficient evidence of the execution of the deed in like manner as that of a person under no disabilities.

But under our law, as it then was, a married woman could only contract in regard to her separate estate or property. All other contracts were absolutely void as at common law. The statute of 1869, which we are considering, in relation to con veyances, did not remove the disabilities resting upon her in this regard. It does not purport to do so and we ought not by judicial construction to hold that it did. So far as a married woman could contract in regard to her separate property, since the passage of that act no reason exists why her contract, as well as that of a *femme sole*, may not be reformed according to the agreement of the parties. The proof of the making of the contract is the same, and it would be inequitable to permit her to retain the consideration and still refuse to perform the contract as she had made it. She would be liable upon such a contract at law, and equity may compel a specific performance. As we have seen, however, all contracts of a married woman in relation to her interests in her husband's land, such as dower and homestead, being void for want of legal capacity in her to contract, cannot be enforced against her. It is for the simple reason such contracts are absolutely void. She could only relinquish such rights by joining with her husband in the execution

of the deed or mortgage in the manner provided by law. *Bressler* v. *Kent*, 61 Ill. 426. It may be such a deed would be good upon proof of signature of the maker without acknowledgment. Whoever deals with a party under disabilities does so at his peril, and although an error may occur by mutual mistake of all parties in the description of the lands not her separate property, to be embraced in the deed of a married woman, the court possesses no power to reform it.

In the case at bar the lands which it is alleged should have been embraced in the mortgage belonged to the husband, at least it is not charged they were the separate property of the wife. It is not alleged in the bill she ever agreed to release her dower or homestead in the lands. But waiving that point, and conceding she had agreed to do so, her contract in relation thereto was absolutely void, and of course no court could compel a specific performance. *Russell* v. *Rumsey*, 35 Ill. 362. If she chose to relinquish her dower and homestead in lands of her husband, either absolutely, as in a deed of bargain and sale, or for the benefit of his creditors by mortgage, according to the forms of the law, she had that privilege, if above the age of eighteen years, by joining with her husband in the execution of the deed or mortgage, but not otherwise. It is only by joining with her husband in the execution of the deed or mortgage, she could be concluded at all in regard to such rights. That is the plain meaning of this statute, and we are not authorized to enlarge its provisions by construction. That is the business of the legislative and not the judicial department. *Martin* v. *Hargardine, supra ; Rogers* v. *Higgins*, 48 Ill. 211.

So far as the decree purports to reform the mortgage as to Mrs. Knox it is erroneous and must be reversed and the cause remanded.

*Decree reversed.*