## EDWARD C. LEWIS

*v.*

## WILLARD GRAVES.

1. MARRIED WOMEN—*power to convey or mortgage without their husbands joining.* The laws relating to the conveyance of real estate not being changed by the Married Woman's Act of 1861, a mortgage given by a mar-

ried woman living separate from her husband, upon her real estate, to secure the payment of the purchase money of other property bought by her, her husband not joining therein, as a conveyance, is void.

2. SAME—*lien in equity upon their separate estate.* The execution of a mortgage by a married woman, alone, upon her separate property, may furnish a satisfactory ground upon which a court of equity may properly *establish* a lien upon it; but if this is done, the lien will have no retroactive operation so as to affect rights acquired prior to the decree and after the execution of the mortgage. The lien will operate upon the property in its condition at the date of the decree.

3. Where a married woman without her husband executed a mortgage upon her real estate, and afterwards the same was sold under a proceeding to enforce a mechanic's lien for improvements thereon, it is error, on foreclosure of the mortgage, to declare it the prior lien.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mrs. Margaret Winters, the wife of John Winters, living separate from her husband and transacting business in her own name, executed to Graves a mortgage on the west 40 feet of lot 10, in block 117, in the city of LaSalle, part of her separate estate, to secure to him the payment of $600 and interest, money due him from her as the purchase money of other real estate conveyed to her by him. The mortgage was executed October 27, 1866, and recorded on the 13th of November, of the same year.

On the 17th day of July, 1869, this west 40 feet of lot 10 was sold by the master in chancery at public sale to Lewis for $403.69, and was afterwards, in pursuance of that sale, conveyed by master's deed to Lewis on the 19th of October, 1870. The master's sale was founded upon and made in pursuance of a decree of the circuit court in a proceeding instituted by Philip Conlin against Margaret Winters and her husband for a mechanic's lien upon this property, for labor and material furnished by Conlin after the recording of the mortgage, in making improvements upon the same.

This is a proceeding, instituted in chancery, by Graves against Mrs. Winters and her husband and Lewis, seeking, among other things, to subject this property to the payment

of this mortgage debt, and to declare this property bound for the same by a lien paramount to the title of Lewis.

On hearing, the circuit court made a decree to *that effect,* and providing for the sale of the property in satisfaction of the mortgage debt.

Lewis brings this appeal.

There were other matters involved in the suit, and covered by the decree, in which Lewis had no interest.

Messrs. ELDRIDGE & LEWIS, for the appellant.

Mr. L. B. CROOKER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The decree in this case can not be sustained. It has been settled by this court that the laws relating to the conveyance of the real estate of a married woman were not changed by the Married Woman's Act of 1861. *Cole* v. *Van Riper,* 44 Ill. 58, and *Bressler* v. *Kent,* 61 Ill. 426. It follows that the mortgage, as a conveyance, was void, the husband of Mrs. Winters not having joined in its execution. It is, however, contended by appellee that the estate of a married woman should " be held in equity liable for debts, charges and incumbrances which she expressly charges thereon," and that a lien should " be established in equity against the separate property of the wife for the debts contracted by her in her separate business, she having expressed her desire to create such a lien by her act in signing this mortgage."

This may be true, but a majority of the court think that such estate is not so *held,* except from and after the time when such lien " is established in equity" by a decree of the court. The debt of a married woman is not, by its own force, a lien upon her separate estate. A mortgage made by her alone, as we have seen, is not such a lien, and while the execution of such a paper may be an expression of her desire to create such a lien, and may be a very satisfactory ground upon which a court of equity may properly *establish* a lien in equity against

her separate property, still no such lien exists until it is established by the decree of the court.

When so established, it can have no retroactive operation. Such a lien, when it takes effect, must act upon the property in the condition in which the decree finds it. The mechanic's lien is of a different character. It derives its force from the statute. The doing of the labor, under the conditions required by the statute, creates, *eo instanti*, a lien upon the property, which continues from that moment until the debt is satisfied, unless it is waived, released or suffered to expire for want of proceedings, by the statute made necessary to keep it alive.

In this case, the mechanic's lien was in existence, and was so declared by the court long before the decree establishing this mortgage debt as a lien upon the property in question. Lewis holds under the prior lien, and his rights can not properly be made subordinate to those of complainant.

The decree is reversed, and the cause remanded.

*Decree reversed.*