# JANE ELDER *et al.*

## *v.*

# J. BLACKBURN JONES *et al.*

1. MARRIED WOMAN—*mortgage without her husband joining.* A mortgage executed by a married woman living with her husband, without his joining with her, as required by the statute then in force, and acknowledged in a mode not allowable under such statute, though given to secure the purchase money of real estate conveyed to her, is invalid, and can not be enforced against her, even in equity.

2. SAME—*separate property may be derived from their husbands.* If a husband purchases real estate with his own money, and, without any fraudulent intent, procures it to be conveyed to his wife, it will become as much her separate property as if it had been purchased with her own money before marriage.

3. VENDOR'S LIEN—*lost by transfer of claim.* A vendor's lien for unpaid purchase money on the sale of land, is lost by a transfer of the evidence of the indebtedness to another.

4. SAME—*not assignable.* The law does not authorize the assignment or transfer of a vendor's lien to the purchaser of notes given for the purchase money. Such a lien is not assignable, but is personal, only to be enforced by the vendor. He can not enforce it by suit in his name for the benefit of another, who is the purchaser of the note.

5. PARTIES IN CHANCERY—*beneficial party should sue.* A bill in chancery should not be filed in the name of one party for the use of another, but in the name of the real party in interest.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. FISHER & ROWELL, and Mr. T. S. CASEY, for the plaintiffs in error.

Messrs. SETH & LEWIS, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought in the names of Jane Elder and David Wilson for the use of James H. McLean, against Joseph Blackburn Jones and Maria M. Jones, his wife, for the foreclosure of a mortgage executed by the said Maria M.

The bill alleges that Joseph Blackburn Jones and Maria M. Jones, his wife, purchased, from said Elder and Wilson, lot three in block five, in McClurkin's addition to the town of Sparta, for the sum of $1900; that Elder and Wilson, at the request of Joseph Blackburn Jones, executed to Maria M. Jones, then his wife, a warranty deed for the lot, on the 22d day of November, 1865; that said Jones and wife being, on the 1st day of November, 1865, indebted to Elder and Wilson in the sum of $1300, Maria M. Jones, at the request of Joseph Blackburn Jones, executed to said Elder and Wilson her two promissory notes for $400 and $900, payable four and eighteen months after date, with ten per cent per annum interest, and on the 21st day of November, 1865, she, at the request of said Joseph Blackburn Jones, executed to said Elder and Wilson her mortgage deed of said lot, to secure the payment of the sums of money mentioned in such notes, the notes being for the remainder of the purchase money of the lot; that the note for $400 had been paid by Joseph Blackburn Jones, but the one for $900 remains unpaid, for which the mortgage was sought to be foreclosed. The bill further alleges that James H. McLean, for whose use the bill was brought, at the request of Joseph Blackburn Jones, advanced to Elder and Wilson, and paid to them, the principal and interest due upon the note, and received the note and mortgage from them, the said Joseph Blackburn Jones promising to pay to McLean the mortgage debt and interest.

J. Blackburn Jones demurred to the bill, and the court below sustained the demurrer. There was a plea in abatement, by Maria M. Jones, of coverture, that at the time of the making of the note and mortgage, she was, and still is, the wife of J. Blackburn Jones, and living with him upon the premises. A demurrer to the plea was overruled, the complainants stood by their demurrer, and the bill was dismissed. The complainants bring the case to this court by a writ of error. The death of Maria M. Jones having been suggested upon the record, Mabel Jones and others, her legal representatives, were made defendants.

The only question presented is, whether, upon the bill and pleadings, there is any case for relief shown. The mortgage is made an exhibit by the bill. It is executed by the wife alone, the husband not joining therein, as then required by the statute. It is acknowledged only in the mode as adopted in case of a *feme sole*, and not in the form then required by the statute in the case of a married woman. The mortgage being, thus, neither executed nor acknowledged in the mode prescribed by the statute in force at the time of its execution in order to enable a married woman to convey her real estate, it is invalid, as this court has often decided. *Moulton* v. *Hurd*, 20 Ill. 137; *Cole* v. *Van Riper*, 44 id. 58; *Lindley* v. *Smith*, 58 id. 250; *Bressler* v. *Kent*, 61 id. 426; *Board of Trustees* v. *Davison*, 65 id. 125.

This is not questioned by the counsel for plaintiffs in error, but then they insist that the debt evidenced by the note, and attempted to be secured in its payment by the mortgage, should be enforced as a charge upon the land under the equitable doctrine, in that respect, applicable to the separate estate of a married woman.

The separate estate of a married woman, which came within the purview and application of this doctrine of courts of equity, was an equitable estate. The married woman was the absolute owner thereof in equity, with power to charge and dispose of the estate in equity as a *feme sole*, subject only to the limitations in the deed of settlement. But a married woman's statutory separate estate under our statute of 1861 in relation to married women, the one here applying, is a *legal*, and not an equitable estate, and its conveyance and incumbrance, except as impliedly authorized in furtherance of the intention of the statute, must be governed by legal and not by equitable rules. *Cookson* v. *Toole*, 59 Ill. 515; *Bressler* v. *Kent*, *supra;* 2 Bishop on the law of Married Women, § 174, 180. A court of equity will not assume to dispense with or change the rules fixed by statute for the conveyance of land.

In *Cole* v. *Van Riper*, as well as in *Bressler* v. *Kent*, it was held that the act of 1861, entitled "An act to protect

married women in their separate property," did' not empower a married woman to convey her real estate without the consent and joinder of her husband in the deed, as required by section seventeen of our statute of conveyances. In *Carpenter* v. *Mitchell*, 50 Ill. 470, it was held, this act of 1861 gave to a married woman no power to contract except as to matters necessarily incident to, and growing out of, her right to hold and enjoy her statutory separate property; that the power to purchase land upon credit, and issue her promissory notes for the purchase money, could not be regarded as incident to that right. In *Rogers* v. *Higgins*, 48 Ill. 211, it was said in reference to this subject of an invalid deed of conveyance from a married woman: "And where there is a total want of legal power to make a contract, no rights can be acquired by an effort to execute an agreement, although it may possess all the forms of a valid instrument. To enforce and give effect to such agreements in courts of equity, instead of following the law, would be to disregard and violate its provisions, and this is never done." The only ground of equitable relief which there could be in the case, would seem to be that of a vendor's lien for the unpaid purchase money, in favor of Elder and Wilson. But the foundation of that claim is removed by McLean having paid to Elder and Wilson the full amount of the note, receiving from them the note and mortgage. Elder and Wilson have received the full amount of the purchase money, and have no further claim on the land therefor. They have no interest in the suit. It is brought in their names for the use of McLean. He is the beneficial party, and the suit should have been in his name. *Winkelman* v. *Kiser*, 27 Ill. 21.

McLean can not enforce a vendor's lien which may have once existed in favor of Elder and Wilson. The law does not authorize the assignment or transfer of a vendor's lien to the purchaser of the notes given for the purchase money. Such a lien is not assignable. It is personal, and can only be enforced by the vendor. *Richards* v. *Leaming*, 27 Ill. 431; *Keith* v. *Horner*, 32 id. 524.

The averment in the bill, that Jones and wife purchased the property from Elder and Wilson, that the notes given by the wife were for such indebtedness, and that, at the request of Jones, the husband, the deed was made to the wife alone, does not change the posture of the case. Where the husband even alone purchases land with his own money, and, without any fraudulent intent, procures it to be conveyed to his wife, it thereby becomes as much her separate property as if it had been purchased with money owned by her before her marriage. *Haines* v. *Haines*, 54 Ill. 74; *Thomas* v. *City of Chicago*, 55 id. 404; *Wing* v. *Goodman*, 75 id. 159.

For any claim which McLean may have against Joseph Blackburn Jones, in respect of his alleged promise to refund to McLean the money paid to Elder & Wilson, McLean has his remedy at law.

We are of opinion the court below properly dismissed the bill, as showing no title to relief, and the decree is affirmed.

*Decree affirmed.*