MARY L. ROBERTS ET AL.

v.

WILLIAM O. JENKS.

MARRIED WOMEN—CHARGING SEPARATE ESTATE—DEBT OF ANOTHER. —Prior to the statute of 1874 concerning husband and wife, a married woman was incapable of charging her real estate by mortgage without being joined

in the deed by her husband. Even if she was capable of charging her separate estate for her own debts, she could not by her separate deed charge it for the debt of another person.

Error to the Circuit Court of Macoupin county; the Hon. C. S. Zane, Judge, presiding. Opinion filed December 11, 1879.

Mr. A. N. Yancey, for plaintiffs in error; that the deed is inoperative, cited Cole v. Van Riper, 44 Ill. 58; Bressler v. Kent, 61 Ill. 426; Trustees v. Davidson, 65 Ill. 124; Oglesby Coal Co. v. Pasco, 79 Ill. 164; Hogan v. Hogan, 89 Ill. 428.

A contract with an insane person is void: Menkin v. Lightner, 18 Ill. 282; Emery v. Hoyt, 46 Ill. 258.

Mr. E. W. Hayes, for defendant in error; as to the right of a married woman to charge her separate property, cited 2 Story's Eq. 840; 1 Daniell's Ch. Pr. 186; Schouler's Dom. Rel. 227; Reeve's Dom. Rel. 260; Young v. Graff, 28 Ill. 20; Lewis v. Graves, 84 Ill. 205.

It is not error to proceed to a hearing without replication filed: Marple v. Scott, 41 Ill. 50; Chambers v. Rowe, 36 Ill. 171; Jamison v. Conway, 5 Gilm. 227.

McCulloch, J. This was a suit in chancery to foreclose a mortgage alleged to have been executed by one Elizabeth Ward in her life-time, to secure the payment of a note made by her to the defendant in error. It appears from the evidence that said Elizabeth Ward had a nephew named John Lewellin, who was *non compos mentis*, and that the note in question was given for a debt contracted either by or for him, and not in any respect for the benefit of or concerning the separate property of said Elizabeth Ward, who was then a married woman.

The note and mortgage were executed prior to the passage of the statute of 1874, concerning husband and wife, and we consider the point settled that a married woman, prior to the taking effect of that statute, was incapable of charging her real estate by mortgage without being joined in the deed by

her husband. Hogan v. Hogan, 89 Ill. 428; Wilhelm v. Schmidt, 84 Ill. 183; Lewis v. Graves, Id. 205; Trustees v. Davison, 65 Ill. 125; Bressler v. Kent, 61 Ill. 426; Cole v. Van Riper, 44 Ill. 58.

It is, however, contended that although the deed in itself is void, yet, the *femme covert*, having signified an intention to charge her land with this debt, a court of equity will give effect to her intention and decree payment out of her separate estate.   This point has already been decided by the Supreme Court adversely to this view in the case of Elder v. Jones, 85 Ill. 384.   And even if she was capable of charging her separate property with her own debts, it is clear she cannot by her own separate deed charge it for the debt of another person where she did not participate in the consideration.   Wilhelms v. Huggins, 69 Ill. 214; Kohn v. Russell; Taylor v. Boardman (Ottawa, not reported).   The decree is therefore reversed and the bill dismissed.

Decree reversed.