## Peter A. Johnson, Appellee, v. Lina Feyreisen and Adele H. Feyreisen Pickel, Appellants.

### Gen. No. 28,374.

1. FRAUDULENT CONVEYANCES—*use of debtor's funds to improve wife's lands.* Where a husband made contracts for the construction of a building upon his wife's premises with her knowledge and consent and paid money toward its construction out of his own funds when he was insolvent, that would amount to a constructive fraud against his creditors as to which a court of equity will afford relief.

2. FRAUDULENT CONVEYANCES—*lien of creditors to amount of debtor's outlay on another's land.* Where a husband paid money from his own funds toward the cost of a building on his wife's lot while he was insolvent his creditors could establish a lien on the premises in the proportion which the sum expended bears to the entire cost, though such creditors may not have been entitled to a lien under the mechanic's lien law.

3. FRAUDULENT CONVEYANCES—*sufficiency of evidence of fraud in improving wife's lands.* In a suit in the nature of a creditor's bill to establish a lien on premises for money expended on a building thereon by the owner's husband when he was insolvent, evidence held sufficient to warrant the finding of the master and the chancellor that the sum claimed was expended on the premises by the husband and that he was insolvent at the time.

Appeal by defendants from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924. Rehearing denied May 10, 1924.

HUSS & REHM and BRADLEY, WILLIAMS, KEARNS & FARRELL, for appellants; THOMAS E. D. BRADLEY and EDWARD J. FARRELL, of counsel.

C. W. GREENFIELD, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Complainant filed a bill against the defendants to establish and enforce a mechanic's lien on the prop·

erty known as No. 4732 Robey Street, and owned by the defendant Lina Feyreisen. Demurrers were sustained to the bill as amended on the ground that the notice required by the Mechanics' Lien Act [Cahill's Ill. St. ch. 82, ¶¶ 1-40] had not been filed in apt time. Complainant then filed a second amended bill which was in the nature of a creditor's bill. Issues being joined, the matter was referred to a master in chancery. He made up his report, finding in favor of complainant and a decree was entered accordingly, to reverse which the defendants prosecute this writ.

The record discloses that the defendant, Lina Feyreisen, prior to March 24, 1914, owned a piece of real estate in Chicago, and on that date her husband Paul Feyreisen, since deceased, personally entered into a number of contracts for the erection of a building upon the premises; one of the contracts being made with complainant who was a carpenter contractor. The construction of the building was commenced. Complainant began his work on May 22, 1914, and completed it December 16, 1914. He was entitled to receive $671 under his contract. On April 14, 1915, he filed a claim for a mechanic's lien on the property. Afterwards, he brought suit in the municipal court of Chicago against Paul Feyreisen and obtained a judgment of $404.90, from which he appealed to this court where the judgment was reversed and judgment entered in this court in his favor for $717.58. Afterwards, Paul Feyreisen died. His estate was probated in the probate court of Cook county. An inventory showed personal property at a value of $128. There was a widow's award allowed of $1,000. The evidence further tends to show that Paul Feyreisen paid the other contractors on account of work and labor they put upon the building out of his own personal property $1,796, and at the time he made such payments, he was insolvent; that all of the contracts made by Paul Feyreisen were with the knowledge and consent of the defendant Lina Feyreisen, his wife; that the

cost of the construction of the building was more than $18,000; that the value of the real estate and building was $25,000. It was decreed that the plaintiff have a lien on 1796/25000 of the premises and that unless the amount due complainant was paid, the undivided portion of the premises be sold.

The defendants contend, as we understand it, that even if the facts were as complainant contends, the evidence shows they were insufficient to sustain the decree in this case because the effect of the decree is to give to defendant a mechanic's lien on the premises and it was decided by the chancellor that he was entitled to no such lien. We think that the question whether the complainant was entitled to a mechanic's lien is not material, because Paul Feyreisen, made the several contracts for the construction of the building upon his wife's premises, with her knowledge and consent, and if he paid $1,796 toward the construction of that building out of his own funds when he was insolvent, this would amount in equity to constructive fraud against his creditors and a court of equity will afford relief in such case. *Patterson v. McKinney, et al.*, 97 Ill. 41.

In *Haines v. Haines*, 54 Ill. 74, it was held that where a married woman furnished money which was her separate property to her husband to aid in the construction of a house upon a lot owned by the husband who subsequently sold the property to a third person who knew of the wife's interest, that equity would give her an equitable interest in the premises in the proportion which the money she furnished bore to the entire cost of the property. Under the rule announced in that case, it would follow that if the evidence warrants the finding that Paul Feyreisen paid $1,796 toward the cost of the building constructed on his wife's lot when he was insolvent, his creditors could establish a lien on the premises in question in the proportion which the $1,796 bears to the entire cost, viz $25,000,

Johnson v. Feyreisen et al., 233 Ill. App. 90.

But the defendants contend that the evidence does not show that at the time Paul Feyreisen paid out the $1,796 he was insolvent. We think this contention is not warranted by the evidence in the record. The evidence shows that Paul Feyreisen and his wife at the time the building was being constructed were in financial difficulties as she testified before the master. The evidence further shows that the husband was unable to pay the contractors on account of the work as it progressed. It would serve no useful purpose to analyse this evidence in detail, but we think it sufficient to say that upon a careful consideration of all the evidence it was clearly sufficient to warrant the finding of the master and of the Chancellor that Paul Feyreisen was insolvent at the time he made his several payments aggregating $1,796. Nor do we think we would be warranted in holding that the finding of the master, confirmed as it was by the Chancellor, to the effect that Paul Feyreisen paid to the several contractors the sums aggregating $1,796, is not sustained by the evidence. The evidence tends to show the specific sums paid to certain specific contractors by Paul Feyreisen. These sums aggregated $1,796 and we certainly would not be warranted in holding that the finding of the master and Chancellor was contrary to the manifest weight of the evidence, in this respect.

The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

Taylor, P. J. and Thomson, J. concur.