Boyd *v.* Cudderback et al.

JOHN G. BOYD

*v.*

NATHAN CUDDERBACK *et al.*

1. HOMESTEAD — *mode of release.* Where a husband and wife execute a mortgage upon lands to which a homestead right has attached, it is not enough, to pass such right, that it is expressly released in the body of the deed ; it must appear from the certificate of acknowledgment that the wife acknowledged that she released this particular right, freely and voluntarily, and without compulsion.

2. SAME — *against what sales protected.* The original act of 1851, was confined, in its operation, to forced sales under judicial proceedings ; but the amendatory act of 1857, embraces not only forced judicial sales, but all other cases or modes of alienation, involving the right to the homestead.

3. SAME — *to whose estate it may attach. Semble,* a homestead right may attach to lands of which the wife is the owner of the fee, the husband having only an estate as tenant by the *curtesy.**

4. SAME — *mortgage — excess over* $1,000. Where lands to which a homestead right has attached, are of value exceeding one thousand dollars, a mortgage thereon will be operative and binding as to the excess, although the homestead right may not have passed by the deed.

5. But the right of the mortgagee, in such case, to apply such excess, must be enforced in the mode prescribed in the statute, on a foreclosure of the mortgage, or on a judgment recovered upon the debt.

6. CHANCERY — *homestead.* If such mortgage contain a power of sale, the homestead right in the premises not being released, a court of chancery will interpose by injunction to restrain the mortgagee from making sale of the premises under the power contained in the mortgage.

7. MORTGAGE — *homestead not released. Quære,* as to the rights of a mortgagee in the fee of lands which constitute the homestead of the mortgagor, when the right of homestead does not pass.

---

* See also, *Young and Wife,* v. *Graff,* 28 Ill. 29.

APPEAL from the County Court of the county of La Salle; the Hon. P. K. LELAND, Judge, presiding.

On the 9th day of June, 1857, Nathan Cudderback, and Catharine, his wife, executed and delivered to Alson Ward, a mortgage upon certain lands, situated in the county of La Salle, to secure the payment of a certain promissory note therein described. The deed authorized the mortgagee, or his assigns, to make sale of the premises, upon default made in the payment of the note, and contained the following clause of release:

" The said parties of the first part hereby waive, release and transfer all their right to any and every homestead exemption under the laws of this State, to the said party of the second part, his heirs and assigns, together with all and singular the hereditaments and appurtenances thereunto belonging."

The officer taking the acknowledgment, certified the same as follows:

" STATE OF ILLINOIS, ⎱ On this 13th day of June, A. D.
  LA SALLE COUNTY. ⎰
1857, personally appeared before me, notary public in and for the town of Ottawa, in said county and State, Nathan Cudderback, and Catharine, his wife, to me personally known to be the persons described in, and who executed the within mortgage deed, and acknowledged that they had freely executed the same for the uses and purposes therein expressed ; and the said Catharine Cudderback, after I had made her acquainted with, and explained to her the contents of the said mortgage deed, on an examination separate and apart from her said husband, acknowledged the said mortgage deed to be her free act and deed, and that she executed the same freely, voluntarily, and without the compulsion of her said husband, and she does not wish to retract the same.

" Given under my hand," etc.

Ward, the payee and mortgagee, having assigned the note and mortgage to John G. Boyd, the appellant, and the note having become due, and remaining unpaid, Boyd was about to proceed to sell the mortgaged premises under the power of

sale contained in the mortgage, when Cudderback and his wife exhibited their bill in chancery in the court below, setting up the mortgage, and the assignment of the note secured thereby, to Boyd, and alleged that Boyd had given notice of his intention to sell the premises to satisfy the debt.

The bill alleged that the note was given for money loaned by Ward to Cudderback, and not for the purchase-money, or for improvements upon the premises.

It was further alleged in the bill, that the fee simple title to the premises was, at the time of the execution and delivery of the mortgage, in the said Catharine Cudderback, and that said Nathan was only a tenant by the *curtesy* in the premises.

That said Nathan, with his wife and children, did, at the time of making the mortgage, reside upon the premises, and continued so to reside up to the time of exhibiting this bill, and that the premises were of value, not exceeding one thousand dollars. That the complainants claimed the same as a homestead, and did not release the same by the mortgage. The bill prayed an injunction, restraining Boyd, his agents or attorneys, from selling the premises, or in any manner interfering therewith, until the further order of the court. The injunction was granted in pursuance of the prayer in the bill; and the cause coming on finally to be heard upon a demurrer to the bill, the County Court overruled the demurrer, and the defendant, Boyd, declining to answer further, a decree was rendered in the court below, perpetuating the injunction. From that decree, Boyd prayed this appeal; and in his assignment of errors, questions its correctness.

Messrs. GLOVER, COOK & CAMPBELL, for the appellant.

1. The decree was erroneous in making perpetual the injunction restraining Boyd, the appellant, from selling the premises upon the mortgage, for the homestead right must, at some future day, terminate, and then, Boyd would have the right to sell upon the mortgage.

2. In the course of a few years the land may increase in value, and be worth more than $1,000, and then said appel-

lant would certainly have the right to tender the appellees the sum of $1,000, and sell the land.

3. The premises were owned by the wife, while the husband was the head of the family, residing with the same, so that the ownership of the land was not in the same person who was the head of the family, residing on it. Therefore there was no homestead in the premises.

4. If there was a homestead, it was fully released by the mortgage and acknowledgment.

The release is contained in the body of the deed, and is subscribed by both husband and wife.

The deed is duly acknowledged, and the acknowledgment cannot be true unless the officer taking the acknowledgment did fully explain to the wife her rights under the homestead act.

5. There was no occasion for the interposition of a court of chancery in this case at all.

Because no injury would have been done to the appellees if the sale had taken place.

Suppose Boyd had sold the land upon his mortgage, and made a deed of the same to the purchaser, this deed would not have conveyed the homestead unless the mortgage itself had conveyed it.

An action of ejectment could not prevail as against the homestead.

The action of the court would not prevent a multiplicity of suits, for the mortgagee, with condition broken, can maintain ejectment.

Notwithstanding the homestead right, if there was one, the mortgagee had some interest in the premises, and the right to foreclose the equity of redemption as to that interest by a sale.

Messrs. Gray, Avery & Bushnell, for the appellees, insisted that the decree of the court below was not "perpetual" in its effect, but can only be considered as a decree to continue in force so long as the appellee's right of homestead continues, and the moment such right determines under the statute, the decree will become inoperative. Boyd is at liberty, at any

time, to tender to the mortgagors the $1,000, and have the land sold. The decree only enjoins him until he is willing and ready to comply with the requirements of the statute.

The fact that the premises belonged to the wife, cannot affect the right of homestead therein.

It was insisted, upon the authority of the case of *Vanzant* v. *Vanzant*, 23 Ill. 536, that there was no relinquishment or waiver of the homestead rights by the wife, in the acknowledgment of the instrument, and there could be none in the *body* of this conveyance, whatever its language. In the case at bar, the acknowledgment is in the usual form, and the court, (BREESE, Justice), in the case referred to, say such an acknowledgment does not, in any way or manner, convey away the homestead right.

The officer taking the acknowledgment should have informed the wife of the nature and object of the homestead act, and of her rights under the same. This was not done. The counsel for the appellees also cited the case : *Kitchell* v. *Burgwin*, 21 Ill. 40.

Mr. JUSTICE WALKER delivered the opinion of the Court.

This record presents the question, whether the execution of the mortgage was sufficient to release the right to claim the premises as a homestead. This depends upon whether the acknowledgment on the part of the wife is in accordance with the law. By the original act, adopted in 1851, it was not necessary that the wife should join in the release, to render it valid. By the amendatory act, adopted in 1857, (Scates' Comp. 577,) it is declared that the words "and his wife if he have one," shall be inserted after the words "subscribed by such householder," in the original act. The law as it now stands, requires that the release shall be in writing, subscribed by the householder and his wife if he have one, and acknowledged in the mode in which conveyances of real estate are required to be acknowledged. In the case of *Patterson* v. *Kreig*, 29 Ill. 514, it was held, that it is neces-

sary, that the wife shall join in any deed alienating the homestead, under this amendatory act. That act declares that it is the object of the statute, to require in all cases, the signature and the acknowledgment of the wife, as a condition to the alienation of the homestead.

Then the question arises as to what the acknowledgment must contain to be operative as a release of the right. In relinquishing dower, the wife must acknowledge, separate and apart from her husband, and after being fully informed as to the contents and effect of the deed, that she relinquishes her dower freely, voluntarily, and without the compulsion of her husband. So in conveying the wife's estate, she must acknowledge that she executed the deed freely and voluntarily, and does not wish to retract. And in each of these cases, the officer must certify as to what the wife did acknowledge after he had examined her separate and apart from her husband. It is the conformity of the acknowledgment to the statute, which is operative to pass the wife's title to her own real estate, or to relinquish her dower in that of the husband.

In conveying her estate, if she acknowledged that she relinquished her dower, it would hardly be held sufficient. Because that would not be the estate intended to be conveyed, and she must acknowledge that she intends to and does convey that estate. In the certificate of acknowledgment to this mortgage, the wife only relinquishes her fee simple estate in the premises. If the mortgaged premises belonged to her husband, then she had dower in the premises, and she also had, under the statute, a right to claim it as a homestead. The latter right she has not acknowledged that she released, but it is only her right to the fee. This is not sufficient, as, to be effective to bind her homestead right, it should appear from the certificate, that she acknowledged that she released it freely and voluntarily, without compulsion. This was the construction given to the act in the case of *Vanzant* v. *Vanzant*, 23 Ill. 536.

It is, however, urged, that the law only relates to forced sales under a judgment, order or decree of a court. This is

no doubt true of the act as it stood before the amendment of 1857, which declares that it is the true object of the act to require, in all cases, the signature and acknowledgment of the wife as conditions to the alienation of the homestead. This amendment is broader than the original act, as it embraces all cases of alienation, whilst the former was confined to forced sales under judicial proceedings. Thus it will be perceived, that in adopting such comprehensive language in the amendatory act, that the design was something more than merely to require the wife to join in the execution of the release. It seems to have been to give her the right to render the provisions of the act operative not only as to forced judicial sales, but as to all others, involving the right to the homestead.

The legislature no doubt used the term " alienation " in its ordinary and legal sense. The word is defined by lexicographers to be, an act whereby one man transfers the property and possession of lands, tenements or other things to another person. Then the alienation of the homestead, is the transfer of the title and the possession, and can only be made in the mode prescribed by the statute. Any failure to comply with the conditions there imposed fails to affect the right to the homestead. Nor can it become any more operative as a deed of trust, a mortgage with a power of sale, or conveyance of the land, to relinquish the right to insist upon the benefits of the statute, than a want of compliance with the act in simply releasing the right, without attempting to incumber or convey the property.

The amendatory act was manifestly adopted to protect the wife and family in the enjoyment of the homestead, against both the acts of the husband and his creditors. It was intended that no act of his or theirs, until she did what the statute has required, should deprive her and the family of a retreat from the storms of adversity — a home. Whatever may be our opinion as to the policy of the statute, we must carry out its provisions so as to effectuate the intention of the law-makers. If it is found to operate with inconvenience, or to produce hardship, it is for the legislature to apply the corrective. We can only give effect to the law as it is adopted.

'Whatever rights, if any, the mortgagee may have acquired by this instrument, it confers no power to sell the home stead during the lifetime of the wife, if she shall occupy i as a residence. In the event of her death, or if the family shall cease to occupy it as a residence, it will then be time to determine what rights the mortgagee has acquired.* The act only applies to the homestead to the value of one thousand dollars. If this property is of more than that value, the surplus would be subject to be applied on the mortgage debt, in the mode prescribed in the statute, on a foreclosure of the mortgage, or on a judgment recovered on the debt, unless other liens had a priority to this mortgage or such a judgment. As to the surplus, the mortgage is no doubt operative and binding. Inasmuch as the mortgage was inoperative to authorize the sale of the land embraced in it, because of its being the homestead, the decree of the court below must be affirmed.

*Decree affirmed.*

---

* See the case of *Young and Wife* v. *Graff*, 28 Ill., 29, where premises were conveyed by deed of trust, and upon foreclosure in equity, a sale of the premises was decreed, subject to the homestead right of the grantors, that right not having been released in the deed.