Smith *v.* Miller et ux.

*Judgment affirmed.*

31  157
28a 432

---

## EZEKIEL S. SMITH

*v.*

## YOUNGS W. MILLER, AND POLLY ANN MILLER.

1. HOMESTEAD — *mode of release.* Where husband and wife execute a deed or mortgage upon their homestead, in order that it shall operate as a release of their right thereto, it must appear from the certificate of acknowledgment, that the wife has specifically released her right to claim the benefits of the homestead act.

2. Without it so appears, the deed or mortgage will be inoperative, as a release of that right ; the signature and acknowledgment of the wife to the release, is a condition to the alienation of the homestead in all cases ; her release of the right of dower in the premises, will not suffice. The case of *Vanzant* v. *Vanzant,* 23 Ill. 536, upon this question, is approved.

3. EJECTMENT — *homestead right a bar.* The defense that the deed or mortgage does not operate as a release of the right of homestead, may be interposed as a bar in an action of ejectment against the grantors or mortgagors. *Patterson* v. *Kreig,* 29 Ill. 514, approved.

4. And the fact that the premises were of value exceeding one thousand dollars, does not at all weaken the defense, as a bar to a recovery in ejectment.

5. HOMESTEAD — *excess of value — when and how made available.* Though a mortgage be inoperative to pass the homestead right, yet if the premises are of greater value than one thousand dollars, it is binding ; and upon *foreclosure,* that excess may be reached by a division, or, if the premises are indivisible, by a sale in the mode prescribed by the statute.

WRIT OF ERROR to the Circuit Court of Cook county ; the Hon. GEORGE MANIERRE, Judge, presiding.

This was an action of ejectment instituted in the court below, by Ezekiel S. Smith against Youngs W. Miller, and Polly Ann Miller, to recover lot number one, and the north half of lot number two, in block twenty-nine, in the village of Dunton, Cook county.

The plaintiff sought to recover upon a mortgage on the premises, which had been previously executed to him by the defendants, which contained the usual words " grant, bargain, sell and convey," and the following *habendum* clause :

" To have and to hold the same, together with all and singular the tenements, hereditaments, privileges and appurtenances thereto belonging, or in any wise appertaining ; and also, all the estate, interest and claim whatsoever in law as well as in equity, which the party of the first part have in and to the premises hereby conveyed unto the said party of the second part, his heirs and assigns, and to their only proper use, benefit and behoof."

There were no words in the instrument expressly releasing any homestead right which the mortgagors might have in the premises.

Smith *v.* Miller et ux.

The certificate of acknowledgment was as follows :

"STATE OF ILLINOIS, }
   COOK COUNTY.  } *ss.*   I, Wm. S. Scoville, a justice of the peace, in and for said county, in the State aforesaid, do hereby certify, that Youngs W. Miller, and Polly Ann, his wife, personally known to me as the persons whose names are subscribed to the annexed mortgage, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument of writing, as their free and voluntary act, for the uses and purposes therein set forth ; and the said Polly Ann Miller, wife of the said Youngs W. Miller, having been by me examined separate and apart, and out of the hearing of her husband, and the contents and meaning of the said instrument of writing having been by me made known and fully explained to her, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, without compulsion of her said husband, and that she does not wish to retract the same.

" Given under my hand," etc.

The debt, to secure which the mortgage was given, was contracted subsequent to the fifth day of July, 1851 ; and not for the purchase price of the property, or any part thereof, nor for any improvements on the property. At the time of the execution of the mortgage, the premises were the homestead of Miller, who, with his family, resided thereon from that time, continuously up to the time of the trial in the court below ; and the defendants set up their homestead right as a bar to this action.

It appeared that the premises were of value, exceeding one thousand dollars.

The counsel for the plaintiff presented to the Circuit Court the following points of law, as governing the determination of the cause, to wit :

1. That the said Youngs W. Miller, being the owner of the premises described in plaintiff's declaration, in fee simple, and the said defendants, Youngs W. Miller, and Polly Ann Miller, his wife, having, in mortgage (a copy of which is in evidence), bargained, sold and conveyed the said premises,

and also all their " estate, interest and claim whatsoever therein, in law as well as in equity," to the said plaintiff, said defendants cannot, in this action, have or maintain their claim to hold said premises as their homestead under the "Homestead Act" of the State of Illinois.

2. That this action, being in ejectment and for the purpose of obtaining possession of said premises, and the "Homestead Act" of Illinois providing that premises claimed as a homestead, shall be "*exempt from levy and forced sale*" only, the said defendants cannot deprive the said plaintiff of his right to the possession of said premises under the said mortgage.

The court below decided the questions of law against the plaintiff; the issue was found for the defendants, and judgment accordingly. The plaintiff now questions the correctness of the ruling of the Circuit Court, alleging that the court erred in not holding the law governing the case as stated in the points of law presented by the plaintiff, and in not directing judgment to be entered for the plaintiff, in accordance with the law, as stated in the points thus presented.

Mr. E. A. STORRS, for plaintiff in error.

Mr. JOHN W. CLYDE, for defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court.

This was an action of ejectment for the recovery of the premises in controversy, under a mortgage. It was executed on the 21st of July, 1859, by defendants in error, and matured two years after date. Mrs. Miller joined in the mortgage and acknowledgment, but only relinquished her right of dower by the acknowledgment. It appears by the agreed case, that the mortgaged premises, at the time the mortgage was executed, was the homestead of the defendants in error, and that they resided on the same from that time until, and after, this suit was instituted. That Youngs W. Miller was the head of the family residing with the same. That the mortgage was not given to secure the purchase money, or any part thereof, for the premises, or for improvements made thereon.

The homestead exemption was claimed, and relied upon as a defense to the action, which was allowed by the court, and a judgment rendered in favor of the defendants.

In the case of *Boyd* v. *Cudderback*, decided at the present term, the decision in the case of *Vanzant* v. *Vanzant*, 23 Ill. 536, was adopted, where it was held, that it must appear from the certificate of acknowledgment, that the wife has specifically released her right to claim the benefits of the homestead act. That without it so appeared, the deed or mortgage was inoperative as a release of that right. That, as the act has made the signature and acknowledgment of the wife to the release a condition to the alienation of the homestead in all cases, her release alone of the fee in the premises does not suffice. The acknowledgment in that case was the same as in this, and it was held not to be in compliance with the statute.

But it was urged, that it could not be interposed in an action of ejectment. This question was presented and determined in the case of *Patterson* v. *Kreig*, 29 Ill. 514. It was there held, that under the amendatory act of 1857, the wife being required to subscribe and acknowledge the instrument in connection with her husband, as conditions to the alienation of the homestead, if the deed did not comply with the statute, it might be insisted upon to bar a recovery of the premises. That the amendment enlarged the operation of the statute to such an extent as to apply to deeds and other conveyances. That case is decisive of this.

In this case it appears, that the premises were of greater value than one thousand dollars. To the extent of that excess the mortgage is binding, and on a foreclosure, that excess could be reached by a division; or, if the premises were indivisible, by a sale in the mode prescribed by the statute. Or if a judgment were recovered on the indebtedness, a sale could perhaps be had under the statute, in the manner it has provided. But inasmuch as the mortgage as executed was insufficient to release the premises from the right to the benefit of the homestead act, it was properly allowed as a bar to a recovery in ejectment, and the judgment must be affirmed.

*Judgment affirmed.*