SARAH ANN HUTCHINGS *et al.*

*v.*

SARAH E. HUGGINS.

1. HOMESTEAD—*mode of release.* Where a husband and wife execute a mortgage upon lands to which a homestead right has attached, a release or waiver of such right can not be effected by the officer's certificate of acknowledgment alone. There must be a formal release or waiver of the statute, signed by the party releasing.

2. REFORMING A DEED—*so as to affect the rights of a married woman.* It is not competent for a court of equity to reform a mortgage conveying the interest of a married woman in real estate, executed by her, jointly with her husband, so as to essentially change its provisions.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. M. C. CRAWFORD, Judge, presiding.

Mr. EDWARD V. PIERCE and Mr. D. W. FOUNTAIN, for the plaintiffs in error.

Messrs. HAMMACK & DAVIS, and Mr. GEORGE W. WALL, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This case comes to this court upon error to the Perry county circuit court.

On the 17th of April, 1868, defendant in error filed her bill against plaintiffs in error, as the widow and heirs at law of William Hutchings, deceased, to reform and foreclose a mortgage made on the 25th of February, 1857, by said William Hutchings, and Sarah Ann Hutchings, his wife, to one Gilbert

L. Rice, upon lands therein described, which appear to have been the homestead of mortgagors, to secure Rice for becoming surety to said William upon his bond as guardian for defendant in error. In February, 1868, the mortgage was assigned by Rice to defendant in error.

William Hutchings, as the bill alleges, died in August, 1865, leaving Sarah Ann Hutchings, his widow, and John Hutchings, William A. Hutchings, Mary Hutchings, Susan Hutchings, Franklin Hutchings and Malinda Hutchings, his children and heirs at law, him surviving.

Said Mary, Susan, Franklin and Malinda Hutchings were minors at the time of filing the bill, for whom a guardian *ad litem* was appointed. The adult defendants were defaulted, and the bill as to them taken as confessed. As to the minors, proof was taken, to which we shall particularly advert hereafter.

The only allegation in the bill upon which to base the reformation of the mortgage, was this : "That said mortgage was duly acknowledged before J. R. Hutchings, then and now a justice of the peace of said Perry county, but that said justice, through mistake and oversight, did not make a full certificate of same."

Prayer that defendants answer ; that an account be taken of what is due to oratrix ; that said mortgage be foreclosed to pay her, and that the lands described be subjected to sale to pay her debt ; " that said mortgage and certificate be decreed to be corrected and sold, as above prayed for," and for further relief.

A copy of the mortgage was attached to the bill, from which it appears that it is wholly silent, both in the body and every part of the instrument, and the certificate of acknowledgment, as respects any release or waiver of the homestead exemption.

The only witness examined in the case was the said justice, whose testimony, so far as it related to the alleged mistake, was, that he prepared the mortgage for said William Hutchings, and Sarah Ann, his wife, to Gilbert L. Rice ; that the

said William Hutchings, and Sarah Ann Hutchings, his wife, intended, and witness was so instructed by them, to prepare a mortgage conveying all their right, title and interest in and to said mortgaged lands, including the homestead exemption under the laws of the State of Illinois. That is, in their acknowledgment of said mortgage the said William Hutchings acknowledged the same in due form, and acknowledged that he relinquished his right to the same as a homestead under the laws of the State of Illinois; that Sarah Ann Hutchings, then the wife of said William Hutchings, made her mark to said mortgage; that said mortgage was read to her, and witness explained to her the contents of said mortgage, and, on examination separate and apart, and out of the hearing of her said husband, she acknowledged that she had executed the same freely and voluntarily, and without any fear or compulsion on the part of her said husband, and relinquished her dower in and to the mortgaged premises, and all her right to said lands described in said mortgage as a homestead under the laws of the State of Illinois. This was all the evidence relating to any mistake in the preparation, execution, or acknowledgment of the mortgage.

Upon this evidence alone, and the decree *pro confesso* against the adult defendants, the court rendered a final decree that said mortgage and said acknowledgment thereof, be, in all respects, taken and considered as by the parties intended, and that it be so considered as having relinquished all right of homestead of said parties in said estate as by the laws of the State of Illinois provided. The decree found the amount due the complainant, foreclosed the mortgage and ordered a sale of the premises.

The bill contained no allegation that the premises were not subject to the homestead exemption, or that there was any agreement or understanding between the mortgagors and the mortgagee that the former should release or waive their homestead exemption, or that there was any mistake about the matter except simply as to the certificate of acknowledgment,

or that the mortgagee accepted the mortgage under any mis-apprehension whatever, or any allegation of fraud, imposition or surprise. The justice who took the acknowledgment does not testify that he made any mistake in certifying the acknowledgment, or how it happened to be wholly silent as to the homestead exemption. For aught that appears, the mortgagee himself may have declared himself satisfied with it in the form in which it was. There is no evidence of any understanding between him, or any other person for him, and the mortgagors, that it should be otherwise than as made. He kept it for upwards of ten years, without, so far as this record shows, ever having made any objection to it.

It would seem that the central idea of reforming an instrument should be to make it conform to the intention of the parties, for certainly a court of equity would not reform an agreement, by superadding a clause or provision that both parties had not agreed to, especially in the absence of fraud or imposition. The mortgagee may have, and, under the circumstances, should be presumed to have, accepted it just as it was. His assignee alleges nothing to the contrary, makes no allegation of want of conformity with the agreement or understanding between the parties to the instrument, but only that the mortgagors duly acknowledged it, and that the justice, by mistake or oversight, did not make a full certificate of the same; and even this allegation is not sustained by the evidence, because the justice says nothing about any mistake or oversight on his part, and in no way accounts for the omission. But concede that the allegation is sustained, then, inasmuch as it is not pretended that there was any mistake or omission in regard to the body of the mortgage, how is the mistake, as to the certificate, material? If it had been as full as language could make it, would the mortgage have been operative to release the homestead exemption?

The statute, amendatory of the act of 1851, and requiring the signature and acknowledgment of the wife as conditions to the alienation of the homestead, went into effect on the 17th

day of February, 1857, and this mortgage was executed on the 25th day of the same month, so that it is governed by the provisions of the homestead act as amended.

The statute declares that no release or waiver of such exemption shall be valid unless the same shall be in writing, subscribed by such householder, and by his wife, if he have one, and acknowledged in the same manner as conveyances of real estate are, by law, required to be acknowledged.

In *Kitchell* v. *Burgwin et ux.* 21 Ill. 40, this court held that a formal release or waiver of the statute must be executed. "That it must appear," said the court, "that the privileges and advantages of the act were in the contemplation of the parties executing the deed, and that they were expressly released or waived in the mode pointed out in the statute."

In *Vanzant* v. *Vanzant,* 23 Ill. 536, the question was again before the court, and after referring to, and approving what was said in the Kitchell case, the court said: "We wish to be understood as saying that the waiver or release must be a formal one. The insertion in the deed of conveyance of the special or general covenants usually inserted, without express reference in the deed to this act, can not operate as a release or waiver of it. There must be a writing expressly manifesting the intention to waive or release, and that writing must be signed by the party releasing, and it must be acknowledged as an ordinary deed is acknowledged. This release or waiver may well be in the body of the deed, and precede the signature of the 'grantors, for they must sign it. A mere statement by the officer, in his certificate of acknowledgment, that the householder released or waived the benefits of the act, will not be a compliance with the act, for it is not a writing subscribed by the householder, as the act imperiously demands."

The court also held, in that case, that, as it regards the wife who joins in the execution since the act of 1857, a fair construction of that act, taken in connection with the conveyance act, would require the officer taking the acknowledgment of the wife to certify, also, that he fully informed her of her

rights under the act, and that she voluntarily released and waived all right and benefit under it.

This construction was again directly confirmed in the case of *Boyd* v. *Cudderback*, 31 Ill. 113, and again in *Smith* v. *Miller et ux.* 31 Ill. 157. In the latter case, the court, construing the act of 1857, literally, holds both the signature of the wife and acknowledgment by her of an instrument formally releasing or waiving the exemption, to be necessary conditions to the alienation of the homestead.

The points definitely settled by the cases referred to, are decisive of this case.

As no mistake is alleged respecting the body of the mortgage, which contains no allusion to homestead exemption, *that* alleged in respect to the certificate of acknowledgment, is wholly immaterial, because the correction of it, if it were competent for a court of equity to do so, would make it no better than if it had been originally made perfect by the officer, and if it had been, originally, ever so perfect in itself, still, without a formal release or waiver of the exemption contained somewhere in the mortgage, preceding the signature of the grantors, the homestead could not have been alienated by the mortgage. So that the decree declaring the mortgage effectual to relinquish the homestead, by the correction of the certificate of acknowledgment, and that was all the bill sought to have done, is, in effect, holding that a release or waiver of the homestead may be effectual by the officer's certificate alone, which, as we have seen, is not the law.

The question, whether it is competent for a court of equity to correct the certificate of acknowledgment of the wife where she joins with her husband in a deed, is not necessarily involved in this case, because there is one that reaches much further, viz: whether it is competent to correct the deed itself, in a particular without which the acknowledgment is wholly immaterial. The mortgage could not be effectual to release or waive the homestead exemption, without superadding a clause referring to such exemption, and expressly releasing or waiving

it. By doing so, the instrument would be essentially changed. The competency of a court of equity to reform a mortgage given by a wife, joining with her husband in the execution of it, by essentially changing its provisions, was explicitly denied by this court in the case of *Moulton et ux.* v. *Hurd,* 20 Ill. 137. We are entirely satisfied with both the reasons and conclusions of the court in that case, and they apply with equal force in this.

The decree of the court below must be reversed and the cause remanded, for further proceedings not inconsistent with this opinion.

*Decree reversed.*