HANNAH WHEELER, IMPLEADED, ETC.,

v.

SETH GAGE.

*Chattel Mortgages—Foreclosure—Release of Homestead—Defective Acknowledgment—Statutes.*

1. A strict compliance with both the substance and form of the statute in regard to the execution and acknowledgment of deeds and mortgages, is necessary to make the same effective to convey the homestead.

2. In the case presented, it is *held:* That the court has jurisdiction of the appeal under the certificate of the circuit judge; and that Sec. 76, Chap. 110, R. S., has no application, the title to real estate being only incidentally involved.

[Opinion filed December 8, 1888.]

IN ERROR to the Circuit Court of Kankakee County; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. STEPHEN R. MOORE, for plaintiff in error.

Inasmuch as the homestead estate can only be extinguished by a deed " acknowledged in the same manner as conveyances of real estate are required to be acknowledged," and inasmuch as this deed is not so acknowledged, it follows that this deed does not divest the homestead right.

The homestead act is remedial in its nature, and must be so construed as to most effectually meet the benevolent object of the law. Deere v. Chapman, 25 Ill. 610.

The homestead is a right which can not be taken from the wife and children in any other way than that prescribed in the act itself. Pardee v. Lindley, 31 Ill. 187.

The release must be expressly made in the mode pointed out by the statute. Miller et al. v. Marckle, 27 Ill. 402; Kitchell v. Burgwin et al., 21 Ill. 45; Vanzant v. Vanzant, 23 Ill. 541.

Mr. H. K. WHEELER, for defendant in error.

It will be found that each of these mortgages has the statutory requirements to make a good conveyance of a homestead. The precise words required by the statute are used.

What does the phrase, "acknowledged in the same manner as conveyances of real estate are required to be acknowledged," in Sec. 4, Chap. 52, refer to? Is it to be construed in connection with Sec. 28 of the conveyance act, or will it be governed by that portion of the conveyance act which relates solely to homesteads?

These mortgages are conveyances of personal property, and do not purport to convey real estate. The chattel mortgage was made in conformity to the laws, and duly acknowledged as such, but as the homestead laws give a homestead in a leasehold estate, then the homestead interest must be conveyed and released as homestead interests are conveyed in real estate. In other words, a homestead where the parties own the real estate should be governed by the laws regulating conveyances of real estate. Where the property is chattels it should be conveyed according to the laws regulating conveyances of chattel property. This would be equally true of the acknowledgments. If this acknowledgment should have been made as contended for by counsel for plaintiff in error, then it would have been in violation of the statute in regard to chattel mortgages, and if it required a real estate acknowledgment, then there could be no valid conveyance made of the property.

We insist Sec. 4 of Chap. 52, R. S., regulating the conveyance and acknowledgment of the homestead interest, relates

to Secs. 12 and 28 of Chap. 36, regulating conveyances, and should be construed in connection with those sections so as to, if possible, give full force to each.    It has already been shown these conveyances are in harmony with Sec. 12 so far as conveying the homestead interest.    Sec. 27, which counsel claims governs this case, only purports to give a form of acknowl-, edgment that acknowledges a conveyance of the fee, but no form is given by that section for a release or waiver of the right of homestead.    Clearly, then, Sec. 4 of Chap. 52, where the phrase, "acknowledged in the same manner as conveyances of real estate are required to be acknowledged," is made use of, refers to Sec. 28 of Chap. 32, because Chap. 52 relates solely to exemptions.    Sec. 4 purports to regulate the " release, waiver or conveyance" of the homestead interest. That being the object of the act, and no other object being under consideration, it must certainly have been the intention of the Legislature that the conveyance and release of the homestead interest should be made as provided in the conveyance act relating to the conveyance and release of the right of homesteads.

The phrase, " acknowledged in the same manner as conveyances are required to be acknowledged," refers, of course, to conveyances affecting the homestead, as that section relates only to homestead interests.

C. B. SMITH, J.    This was a bill in chancery to foreclose two chattel mortgages on a dwelling house and milliner's store built on leased ground.    The cause was heard on bill, answer and replication, and the evidence taken in the Kankakee Circuit Court, and the court granted a decree of foreclosure according to the prayer of the bill.

Appellant has sued out a writ of error, and asks to have the decree reversed for the errors assigned.    The case is here under a certificate of the judge under Sec. 76 of the practice act of this State.    The answer admits the making of the mortgage, but claims that the homestead was not released in the execution and acknowledgment of the mortgage, and claims a homestead in Hannah Wheeler, the wife of James

Wheeler, who has died since making the mortgages. Whether the acknowledgments of the two chattel mortgages released the homestead is the only question presented to us by this record, and is the only question argued by counsel, except the question of jurisdiction of the court under the certificate of the judge.

The chattel mortgages are in the usual form and both cover the same property, viz.: the frame two-story building used as a millinery store and dwelling, situated on the north part of lot 1, block 43, in Momence. The acknowledgment to the first mortgage is as follows:

"STATE OF ILLINOIS, } ss. I, M. O. Clark, a justice of the
"Kankakee County,  }        peace in and for the town of Ganeer,
in and for said county, do hereby certify that this mortgage was duly acknowledged before me by the above named James Wheeler and Hannah Wheeler, the mortgagors therein named, and entered by me this 27th day of May, A. D. 1882, including the release and waiver of the right of homestead.

"Witness my hand and seal.
                              "M. O. CLARK,
                        "Justice of the Peace."

The acknowledgment to the second mortgage is in the following form, viz.:

"STATE OF ILLINOIS, } ss. I, M. O. Clark, a justice of the
"Kankakee County,  }        peace in the town of Ganeer in and
for said county, do hereby certify that this mortgage was duly acknowledged before me by the above named James Wheeler and Hannah Wheeler, the mortgagors therein named, as their free act and deed, including the release and waiver of the right of homestead, and entered by me this 11th day of June, 1883.

                              "M. O. CLARK,
                        "Justice of the Peace."

In the body of both the chattel mortgages the right of homestead was expressly waived and released. It was con-

ceded by appellee that appellant has a right of homestead in the premises described, unless it was properly released by the mortgagors, and he contends that the acknowledgment to both mortgages was sufficient under our conveyance and homestead acts to operate as a release of the homestead right. Appellant, on the contrary, insists that the acknowledgments were inoperative to release the homestead right.

The court below was of opinion that the homestead was released, and so decreed, and ordered the property sold without setting off the homestead. In this we think the court erred. Sec. 1, Ch. 52, R. S., gives a householder a homestead and provides that "such homestead and all right and title therein shall be exempt * * * from the laws of conveyance, * * * except as hereinafter provided."

Sec. 4 provides that "no release, waiver or conveyance of the estate so exempted shall be valid unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged."

Sec. 25, Ch. 30, R. S., provides that "no judge or other officer shall take the acknowledgment of any person to any deed or instrument of writing, as aforesaid, unless the person offering to make such acknowledgment shall be personally known to him to be the real person who and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness, and the judge or officer taking such acknowledgment shall, in his certificate thereof, state that such person was personally known to him to be the person whose name is subscribed to such deed or writing, as having executed the same, or that he was proved to be such by a credible witness (naming him)."

Sec. 27, Ch. 30, gives the form of an acknowledgment. This form requires the officer to state in his certificate that the grantors were personally known to him; and further, that the grantors appeared before him in person on the day of the acknowledgment and that they acknowledged the instrument as their free and voluntary act for the uses and purposes there set forth.

Sec. 28 of the same act provides that, in cases where it is intended to release the homestead, then the certificate of acknowledgment shall contain a clause substantially as follows: "Including the release and waiver of the right of homestead."

The foregoing are the several sections of the statute relating to the estate of homestead and the manner of its release so far as they relate to this controversy.

It will be seen that both the body of the chattel mort. gages as well as the certificates of the officer to both the mortgages, contain a release of the homestead, and in that respect no objection can be made to the certificate.

But it will be seen that both certificates are fatally defective in other respects and wholly silent upon material matters required to be therein stated, by the 25th section of the statute above quoted.    There is no statement in either certificate that James and Hannah Wheeler were known to the officer to be the same persons who signed the mortgage, or that they were proven to be the same persons by a credible witness, nor that the Wheelers personally appeared before him on the day of the acknowledgment or on any other day.

We regard these omissions in the certificate of the officer as fatal.   The omitted provisions are clearly and explicitly required by the statute to be in the certificate to make it valid and operative for the purpose of releasing the homestead.   This construction of the statute has been adopted in many decisions of our own Supreme Court.   Boyd v. Cudderback, 31 Ill. 113; Smith v. Miller, 31 Ill. 157; Vanzant v. Vanzant, 23 Ill. 541; Best v. Cohlson, 89 Ill. 465; Warner v. Crosby, 89 Ill. 320.

Many other cases might be cited in support of the same construction given the statute, but the foregoing are amply sufficient to show that the question seems to be settled and not open to further controversy.

We fully agree with the construction given to the statute. We hold that there must be a strict compliance with both the substance and form of the statute in the mode of executing and acknowledging deeds and mortgages, for the conveyance of land, or any interest therein, in order to make the deed or mortgage effective to convey the homestead.

We think this court has jurisdiction of this appeal under the certificate of the judge, and that the statute which provides that the court shall have no jurisdiction under the certificate of the judge when the title to real estate is involved, is not applicable to this case. The title is only incidentally involved.

The object of the proceeding is to enforce payment of the mortgages and, upon failure to pay, asks that the real estate may be sold to compel payment. This does not involve the title in the sense of the statute. The statute only applies when the title is the main contention in the suit and is directly involved.

The decree of the Circuit Court is reversed and cause remanded, with directions to proceed in harmony with the views expressed in this opinion.

*Reversed and remanded.*