HUDSON R. TAYLOR

*v.*

AMELIA J. TAYLOR.

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. FREEHOLD—*wife's right to homestead while husband is living with the family is not a freehold estate.* During the lifetime of the husband, who is living with the family, the wife's right to a homestead estate is analogous to her inchoate right to dower and is not a freehold estate.

2. APPEALS AND ERRORS—*when an appeal should go to Appellate Court.* An appeal from a decree dismissing a bill to specifically enforce an ante-nuptial contract by requiring the wife to sign a deed to the homestead property, occupied by herself and the complainant, should be taken to the Appellate Court, where the only rights which the defendant could claim in the property, in any event, would be her homestead and the inchoate right to dower.

APPEAL from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

Appellant, Hudson R. Taylor, filed his bill in the circuit court of Henry county against his wife, the appellee, in which he alleged that on June 15, 1895, he and his said wife entered into an ante-nuptial contract, by the terms of which it was agreed that whereas the parties were about to be joined in marriage and each had property sufficient for his or her respective support, his property consisting of both real and personal property and hers consisting of a life estate in the lands of her deceased husband, each party having children by former consorts, for the purpose of making a settlement of these property rights it was mutually agreed that they were to be married and cohabit with each other as husband and wife, residing at the house of either party, as they might elect, making any change in domicile, from time to time, as they might see fit; that each was to contribute equally to the support of both but without holding the other to account in that matter, and in case of the sickness of one,

the other should contribute such care and attention and such pecuniary means as the other needed under the circumstances; that he was to make no claim to enjoy, manage or control her property, except subject to her directions, and in case he survived her he was to make no claim upon her property, either real or personal, in any respect, including either homestead or dower and the right to administer on her estate, but, on the contrary, he was to permit her to convey and transmit, by devise or descent, all her property in like manner as if no marriage had occurred; that in case she at any time desired to sell or convey any real estate which she might by law be entitled to sell or convey, he was, without contention, compensation or delay, to join with her in the deed necessary to make such conveyance; that in case she survived him she was to make no claim of homestead or dower in lands which he then owned or thereafter might own, nor claim any widow's award from his estate, nor claim to hold, by descent, any of his real or personal property, nor claim any right to administer on his estate, but, on the contrary, would allow him to use, convey and transmit, by devise or descent, all of his real or personal estate in like manner as if no marriage had occurred, and in case he at any time desired to sell or convey his real estate, she would, without contention, compensation or delay, join in the execution of the instrument necessary for that purpose, and in case she survived she agreed to execute all instruments, with his heirs or assigns, necessary for the purpose of relinquishing any apparent claim against his estate. The bill further alleged that on June 23, 1895, they were married and since that time the contract had never been changed, and he is and always has been willing to join in any and all conveyances necessary to carry out the terms of the contract; that for over ten years the parties have lived together, residing for about two years in a dwelling house owned by her and for about eight years upon real estate owned by him, purchased after the marriage; that a

part of this tract has, since the purchase, been sold and she joined in the deed; that no children have been born of the marriage and there are no persons dependent upon either party, and no other persons reside on the land in question; that he is desirous of selling the premises occupied by them as a homestead and has found a person willing to purchase the same on satisfactory terms, but she has refused to join in the conveyance and the purchaser will not accept a deed without her signature. The prayer is for specific performance of the ante-nuptial contract on the part of the wife, and for general relief. A demurrer was sustained to the bill and it was dismissed for want of equity. To review that decree an appeal has been prosecuted to this court.

HARRY A. REHERD, and GEORGE W. & JOSEPH L. SHAW, for appellant.

HENRY WATERMAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee has made a motion to dismiss the appeal upon the grounds that a freehold is not involved, and that this court is without jurisdiction and the appeal should have been taken to the Appellate Court.

It seems to be conceded that the only rights which appellee could have in the premises, in any event, would be her homestead and the inchoate right of dower, and appellant insists she has neither. We have frequently held that a freehold is involved, within the meaning and contemplation of the constitution and statute, only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Sanford* v. *Kane,* 127 Ill. 591; *Malaer* v. *Hudgens,* 130 id. 225; *Goodkind* v. *Bartlett,* 136 id. 18; *Nevitt* v. *Woodburn,* 175

id. 376.) The question whether the right of dower of a married woman, before the death of her husband, involves a freehold has been before us for decision, and we held that an estate of dower is a freehold; but a right of dower before it has been consummated by the death of the husband is a mere intangible, inchoate, contingent expectancy, and not only is not an estate in lands, but does not even rise to the dignity of a vested right. (*Goodkind* v. *Bartlett, supra.*) If the premises were not occupied by the parties as a homestead and the inchoate right of dower of appellee was the only property right involved, then, under that decision, a freehold would not be involved. But appellant claims that her homestead rights necessarily involve a freehold, and the appeal was therefore properly taken to this court.

The homestead right was unknown at common law and exists only by the statute. The statute of this State (Hurd's Stat. 1903, chap. 52, p. 943,) was passed in 1873. Section 1 provides that every householder having a family shall be entitled to an estate of homestead to the extent in value of $1000 in the farm or lot of land, and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence. Section 2 provides that such exemption shall continue after the death of such householder for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age, and in case the husband or wife shall desert his or her family the exemption shall continue in favor of the one occupying the premises as a residence. Section 4 provides the manner in which the estate shall be extinguished and conveyed.

The provisions of the foregoing statute create an estate in the land, and not a mere exemption, such as existed prior to the statute of 1872. (*Warner* v. *Crosby,* 89 Ill. 320; *Browning* v. *Harris,* 99 id. 456; *Mueller* v. *Conrad,* 178 id. 276.) Where the right of homestead is directly involved,

as where the husband's vested right is in question, or where the husband has died or deserted the family, as provided in section 2, and the estate is held by the wife and children, a freehold is involved. (*Snell* v. *Snell,* 123 Ill. 403; *Hagerty* v. *Hagerty,* 149 id. 655.) But that is not the question at issue here. The bill alleges that the premises are occupied by the parties as a homestead. There are no minor children, and the naked question is whether the estate of the wife, under such circumstances, involves a freehold. It will be observed that section 1 provides that every householder having a family shall be entitled to an estate of homestead in the premises occupied by him or her as a residence. In this case, and in every other case where the husband is living and residing with his family, he is the householder and head of the family contemplated by this section. The homestead is his and is vested in him, and continues to be so vested as long as he lives and resides with his family. It is only upon his death or when he deserts his family that it becomes vested in the wife and children under section 2. Section 16 of chapter 68 (Hurd's Stat. 1903, p. 1039,) provides that neither the husband nor the wife can remove the other or their children from their homestead without the consent of the other, unless the owner of the property shall in good faith provide another homestead suitable to the condition in life of the family. Considering this section with those creating the homestead, we are of the opinion that the homestead right is primarily vested in the husband and constitutes a freehold, and that while the wife has the right of occupancy with the children, yet during the lifetime of the husband and during the time he continues to reside with them her rights and the rights of the children are merely contingent upon the conditions provided in the statute, and do not rise to the dignity of a freehold estate. Their rights may never become a freehold, but may be defeated by the death of the wife, or her divorce under certain circumstances, or by the removal of the family from the premises.

We think, on principle, the wife's right of homestead, under the facts of this case, is not unlike the inchoate right of dower, and that no freehold is here involved.

The appeal was improperly brought to this court and must be dismissed.                 *Appeal dismissed.*